UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

GLENYS CASADO,

    Plaintiff,

  v.

PRADIP JOSHI, DPM, and BRONX
LEBANON HOSPITAL,

    Defendants.

08 Civ. 7095 (JGK)

**MEMORANDUM OF LAW IN SUPPORT OF MOTION TO
SUBSTITUTE THE UNITED STATES AS DEFENDANT FOR THE
AMBULATORY CARE SERVICE OF BRONX LEBANON HOSPITAL,
AND TO DISMISS THE COMPLAINT AS AGAINST THE UNITED STATES**

**Preliminary Statement**

    The Ambulatory Care Network of Bronx Lebanon Hospital, by and through its attorney, Michael J. Garcia, United States Attorney for the Southern District of New York, respectfully submits this memorandum in support of its motion to substitute the United States of America (the "United States" or the "Government") as defendant for the Ambulatory Care Network of Bronx Lebanon Hospital and to dismiss the complaint as against the United States pursuant to Rule 12(b)(1) of the Federal Rules of Civil Procedure for lack of subject matter jurisdiction.

    Plaintiff Glenys Casado commenced this medical malpractice action against Pradip Joshi, DPM, and Bronx Lebanon Hospital on or about April 27, 2007, in the Supreme Court of the State of New York, Bronx County. Pursuant to the Public Health Service Act, 42 U.S.C. § 233, the Ambulatory Care Network of Bronx Lebanon Hospital, which provided services to plaintiff, was deemed to be an employee of the United States for purposes of tort actions seeking damages for injuries allegedly resulting from the provision of medical-related services, effective January

1, 2004 ("the deeming date").[1]  Plaintiff alleges that the defendants carelessly and negligently cared for and treated plaintiff during a period of time between 2004 and 2005 – i.e., a time period after the deeming date.

The United States should be substituted as a defendant for the Ambulatory Care Network of Bronx Lebanon Hospital.  Under the Public Health Service Act, "[u]pon a certification . . . that the defendant was acting in the scope of his employment at the time of the incident out of which the suit arose, any such civil action or proceeding commenced in a State court shall be removed . . . and the proceeding deemed a tort action brought against the United States . . . ."  42 U.S.C. § 233(c).  Here, the United States Attorney for the Southern District of New York, Michael Garcia, has certified pursuant to 28 U.S.C. § 2679(d)(1) and 28 C.F.R. § 15.4(a) that the Ambulatory Care Network of Bronx Lebanon Hospital was acting within the scope of its federal employment at the relevant times alleged in the complaint.  Under the Public Health Service Act, 42 U.S.C. § 233(a), the exclusive remedy with respect to plaintiff's claims against the Ambulatory Care Network is an action against the United States pursuant to the Federal Tort Claims Act, 28 U.S.C. §§ 1346(b), 2671-80 (the "FTCA").  Thus, the United States should be

---

[1] Neither Pradip Joshi, DPM, nor Bronx Lebanon Hospital, generally, have been deemed Public Health Service employees pursuant to 42 U.S.C. § 233(g).  They are not represented by the U.S. Attorney's Office, and are not parties to this motion.  The allegations in the pro se complaint are vague as to the services plaintiff alleges were negligently provided.  To the extent plaintiff is suing for services provided by the Ambulatory Care Network of Bronx Lebanon Hospital, as described below, the Ambulatory Care Network was acting within the scope of its federal employment, and the complaint should be dismissed as against it.  To the extent the complaint may be read to bring an action against Bronx Lebanon Hospital apart from the services at the Ambulatory Care Network, the U.S. Attorney's Office does not represent Bronx Lebanon Hospital generally and this motion is not directed to any services that may have been provided by the hospital outside of those provided at the Ambulatory Care Network.

substituted for the Ambulatory Care Network of Bronx Lebanon Hospital as the proper defendant in this case.

Upon substitution of the United States as defendant in place of the Ambulatory Care Network, the Court should dismiss the complaint as against the United States for lack of subject matter jurisdiction. The FTCA requires tort claimants, as a condition of the Government's waiver of its sovereign immunity, to exhaust administrative remedies before commencing an action in federal court. In this case, however, plaintiff did not file an administrative claim with the United States Department of Health and Human Services ("HHS") as required by the FTCA. Accordingly, all claims against the United States should be dismissed pursuant to Rule 12(b)(1) of the Federal Rules of Civil Procedure.

## STATEMENT OF FACTS

**A. Plaintiff's Complaint Alleges Negligence Regarding The Provision Of Medical Services**

On or about April 27, 2007, plaintiff filed a summons and complaint in the Supreme Court of the State of New York, Bronx County, against Pradip Joshi, DPM, and Bronx Lebanon Hospital. Declaration of Susan D. Baird, dated August 15, 2008 ("Baird Dec."), Ex. A. The complaint alleges that plaintiff received negligent medical care from Dr. Joshi and Bronx Lebanon Hospital. Baird Dec., Ex. A ¶¶ 16, 21-23, 25-26. Plaintiff alleges that she was treated for "problems and/or symptoms and/or conditions relating but not limited to the left foot." Baird Dec., Ex. A ¶ 23. Plaintiff further alleges that the hospital "provided care and treatment to the plaintiff during the period of time of 2004 and 2005," and that the hospital "carelessly and negligently cared for and treated plaintiff . . . without using the proper degree of podiatric customs and/or practice as a result of which . . . [plaintiff] sustained progressive, protracted and

permanent injuries." Baird Dec., Ex. A ¶¶ 16, 22. In addition, plaintiff alleges that Dr. Joshi and the hospital "were careless and negligent, committed acts and/or omissions and/or acts of medical and/or surgical malpractice in the care and treatment of the plaintiff. . . ." Baird Dec., Ex. A ¶ 25. According to the complaint, as a result of the foregoing, plaintiff "was rendered sick, sore, lame and disabled, suffered severe pain and emotional anguish, and had to undergo unnecessary hospital and/or medical care and attention." Baird Dec., Ex. A ¶ 26.

### B. The Ambulatory Care Network of Bronx Lebanon Hospital Was An Employee Of The United States At All Times Relevant To The Complaint

Pursuant to the Public Health Service Act, 42 U.S.C. § 233(g)-(i), (m), the Ambulatory Care Network of Bronx Lebanon Hospital was deemed to be an employee of the United States Government effective January 1, 2004. Declaration of Jeffrey S. Davis, dated July 17, 2008 ("Davis Dec."), ¶¶ 5-6, Ex. 1. Therefore, the Ambulatory Care Network of Bronx Lebanon Hospital was an employee of the United States at all times relevant to the complaint.

### C. The Ambulatory Care Network of Bronx Lebanon Hospital Was Acting Within the Scope Of Its Employment At All Times Relevant To The Complaint

On July 25, 2008, United States Attorney Michael J. Garcia certified, pursuant to the Public Health Service Act, 42 U.S.C. § 233(c), 28 U.S.C. § 2679, and 28 C.F.R. § 15.4(a), that the Ambulatory Care Network of Bronx Lebanon Hospital was acting within the scope of its federal employment at the time of the alleged incidents giving rise to this action. Baird Dec., Ex. B.

### D. The Action Was Removed To Federal Court

On August 8, 2008, this action was removed to this Court pursuant to the Public Health Service Act, 42 U.S.C. § 233(c), and 28 U.S.C. § 2679(d)(2). Baird Dec., Ex. C.

### E. Plaintiff Failed To File An Administrative Tort Claim

Plaintiff has failed to file any administrative claim with HHS, the appropriate federal agency, before filing this action. Davis Dec. ¶¶ 2-4.

## ARGUMENT

### I.

### THE UNITED STATES SHOULD BE SUBSTITUTED FOR THE FEDERAL DEFENDANT AS A PARTY DEFENDANT

As a preliminary matter, the United States should be substituted as defendant with respect to the tort claims alleged against the Ambulatory Care Network of Bronx Lebanon Hospital. The Public Health Service Act provides that eligible community health centers and their employees are employees of the Public Health Service for certain purposes. 42 U.S.C. § 233(g). The Secretary of Health and Human Services deems a community health center a Public Health Center after the center has qualified for certain federal assistance, see id. § 233(g)(1)(D)-(G). "In instances where a tort action is brought against a federally funded public health center [or its employee] … for conduct within the scope of its federal employment, the Attorney General (or … one of his designees) may certify that the health center [or its employee] was indeed acting as a federal employee at the time of the incident." Celestine v. Mount Vernon Neighborhood Health Ctr., 403 F.3d 76, 80 (2d Cir. 2005). "Upon certification, the action may then be removed to federal court." Id. "Once such a case is removed, the United States can replace the named defendant as the allegedly liable party—and the case proceeds as a FTCA suit." Id.

The United States replaces any named employee of the Public Health Service as defendant because, under the Public Health Service Act, 42 U.S.C. § 233(a), the FTCA is "the exclusive remedy for specified actions against members of the Public Health Service." Cuoco v. Moritsugu, 222 F.3d 99, 107 (2d Cir. 2000). The Act expressly provides:

> The remedy against the United States provided by [the FTCA] … for damage for personal injury, including death, resulting from the performance of medical, surgical, dental, or related functions … by any commissioned officer or employee of the Public Health Service while acting within the scope of his office or employment, shall be exclusive of any other civil action or proceeding by reason of the same subject-matter against the officer or employee (or his estate) whose act or omission gave rise to the claim.

42 U.S.C. § 233(a) (emphasis added). This provision of the Public Health Service Act, like the FTCA generally, "allow[s] recovery by people injured by federal employees or by agents of the Federal Government, and, at the same time, . . . immunize[s] such employees and agents from liability for negligent or wrongful acts done in the scope of their employment."[2] Celestine, 403 F.3d at 80. The Public Health Service Act, 42 U.S.C. § 233(a), thus protects "employees of the Public Health Service from being subject to suit while performing medical and similar functions." Cuoco, 222 F.3d at 108.

Here, the Secretary of Health and Human Services deemed the Ambulatory Care Network of Bronx Lebanon Hospital to be a Public Health Service employee for purposes of the Public Health Service Act and a federal employee for the purposes of the FTCA, effective January 1,

---

[2] While the Public Health Service Act specifically applies to employees of the Public Health Service, the FTCA, which applies generally to all federal employees, similarly provides that a suit against the United States is the exclusive remedy for damages for injury "resulting from the negligent or wrongful act or omission of any employee of the Government while acting within the scope of his office or employment," 28 U.S.C. § 2679(b)(1), and provides government officers and employees acting within the scope of their employment with absolute immunity from claims of common-law tort. See Rivera v. United States, 928 F.2d 592, 608-09 (2d Cir. 1991).

2004. Davis Dec. ¶¶ 5-6. Pursuant to the Public Health Service Act, 42 U.S.C. § 233(c), 28 U.S.C. § 2679, and 28 C.F.R. § 15.4(a),[3] Michael J. Garcia, United States Attorney for the Southern District of New York, has certified that the Ambulatory Care Network of Bronx Lebanon Hospital was acting within the scope of its employment as a designated employee of the United States at the time of the incidents alleged in the complaint. Baird Dec., Ex. B. The United States Attorney's certification provides the "basis for the substitution of the United States as a defendant and for the resultant immunization of the federal employee." McHugh v. Univ. of Vt., 966 F.2d 67, 72 (2d Cir. 1992), abrogated on other grounds by Osborn v. Haley, 549 U.S. 225 (2007); see 42 U.S.C. § 233(c) ("Upon a certification by the Attorney General that the defendant was acting in the scope of his employment … the proceeding [shall be] deemed a tort action brought against the United States."); id. § 233(a) ("The remedy against the United States provided by [the FTCA] … shall be exclusive of any other civil action or proceeding by reason of the same subject-matter against the officer or employee (or his estate) whose act or omission gave rise to the claim."). Plaintiff's claims against the Ambulatory Care Network therefore should be dismissed, and the United States should be substituted as defendant. Cf. Celestine, 403 F.3d at 80-82.

---

[3] Section 15.4(a) of Title 28 of the Code of Federal Regulations provides:

> The United States Attorney for the district where the civil action or proceeding is brought … is authorized to make the statutory certification that the Federal employee was acting within the scope of his office or employment with the Federal Government at the time of the incident out of which the suit arose.

28 C.F.R. § 15.4(a).

## II.

### THE CLAIMS AGAINST THE UNITED STATES SHOULD BE DISMISSED BECAUSE THE COURT LACKS SUBJECT MATTER JURISDICTION OVER THOSE CLAIMS

Once the United States is substituted as defendant for the Ambulatory Care Network of Bronx Lebanon Hospital, this Court should dismiss the FTCA action against the United States under Rule 12(b)(1) of the Federal Rules of Civil Procedure for lack of subject matter jurisdiction due to plaintiff's failure to file an administrative claim with HHS prior to commencing this suit.  Cf. Celestine, 403 F.3d at 84-85.

**A. Plaintiff Bears The Burden Of Proving Subject Matter Jurisdiction To Avoid Dismissal Under Rule 12(b)(1)**

"'A case is properly dismissed for lack of subject matter jurisdiction under Rule 12(b)(1) when the [Court] lacks the statutory or constitutional power to adjudicate it.'"  Luckett v. Bure, 290 F.3d 493, 496 (2d Cir. 2002) (quoting Makarova v. United States, 201 F.3d 110, 113 (2d Cir. 2000)).  "In resolving the question of jurisdiction, the district court can refer to evidence outside the pleadings and the plaintiff asserting subject matter jurisdiction has the burden of proving by a preponderance of the evidence that it exists."  Id. at 496-97.

**B. This Court Lacks Subject Matter Jurisdiction Over Plaintiff's Claims Against The United States Because Plaintiff Failed To File An Administrative Tort Claim Prior To Commencing This Action**

"The FTCA requires that a claimant exhaust all administrative remedies before filing a complaint in federal district court.  This requirement is jurisdictional and cannot be waived." Celestine, 403 F.3d at 82 (citing McNeil v. United States, 508 U.S. 106, 113 (1993) and Robinson v. Overseas Military Sales Corp., 21 F.3d 502, 510 (2d Cir. 1994)).  The exhaustion requirement is found in 28 U.S.C. § 2675(a), which states, "An action shall not be instituted upon

a claim against the United States … unless the claimant shall have first presented the claim to the appropriate federal agency ….*"* 28 U.S.C. § 2675(a); see Celestine, 403 F.3d at 82; see also 28 U.S.C. § 2401(b). The requirement is jurisdictional because "a motion invoking sovereign immunity [is one] to dismiss for lack of subject matter jurisdiction," Chayoon v. Chao, 355 F.3d 141, 143 (2d Cir. 2004) (per curiam), and compliance with the FTCA's administrative exhaustion requirement is a condition of the United States' waiver of sovereign immunity, see Celestine, 403 F.3d at 80, 82-83. Thus, "[u]nless a plaintiff complies with that [exhaustion] requirement, a district court lacks subject matter jurisdiction over a plaintiff's FTCA claim." Johnson v. Smithsonian Inst., 189 F.3d 180, 189 (2d Cir. 1999). This jurisdictional requirement "extends to all suits, including those begun in state court." Celestine, 403 F.3d at 82.

"The burden is on the plaintiff to both plead and prove compliance with the statutory requirements," and "[i]n the absence of such compliance, a district court has no subject matter jurisdiction over the plaintiff's claim." In re Agent Orange Prod. Litig., 818 F.2d 210, 214 (2d Cir. 1987). Here, plaintiff's complaint does not allege that plaintiff presented an administrative claim with respect to the Ambulatory Care Network's alleged negligence. Thus, plaintiff did not plead compliance with the statutory requirements of the FTCA. Nor could plaintiff have pleaded compliance – she did not file an administrative claim with the appropriate federal agency prior to commencing suit. Davis Dec. ¶¶ 2-4. Accordingly, as plaintiff failed to exhaust administrative remedies prior to commencing her action against the Ambulatory Care Network of Bronx Lebanon Hospital, her claims against the United States must be dismissed for lack of subject matter jurisdiction. See Celestine, 403 F.3d at 84; see also Agent Orange, 818 F.2d at 214.

## CONCLUSION

For the foregoing reasons, the Ambulatory Care Network of Bronx Lebanon Hospital and the United States respectfully request that the Court: (i) substitute the United States as defendant in place of the Ambulatory Care Network, and, upon substitution, (ii) dismiss the complaint as against the United States for lack of subject matter jurisdiction.

Dated: New York, New York
August 15, 2008

Respectfully submitted,

MICHAEL J. GARCIA
United States Attorney for the
Southern District of New York
Attorney for the United States
and the Ambulatory Care Network of
Bronx Lebanon Hospital

By:     /s/
SUSAN D. BAIRD
Assistant United States Attorney
86 Chambers Street, 3rd floor
New York, New York 10007
Telephone: (212) 637-2713
Facsimile: (212) 637-2750
Susan.Baird@usdoj.gov