IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| Glenys Casado,<br><br>       Plaintiff,<br><br>       v.<br><br>Pradip Joshi, DPM,<br>and Bronx-Lebanon Hospital Center,<br><br>       Defendant. | Case No. *08 Civ. 7095 (JGK)* |

## DECLARATION OF
## JEFFREY S. DAVIS

1. I am the Associate General Counsel of the General Law Division, Office of the General Counsel, Department of Health and Human Services (the "Department"). I am familiar with the official records of administrative tort claims maintained by the Department as well as with the system by which those records are maintained.

2. The Department's Claims Branch maintains in a computerized database a record of all administrative tort claims filed with the Department, including those filed with respect to federally supported health centers that have been deemed to be eligible for Federal Tort Claims Act malpractice coverage.

3. As a consequence, if a tort claim had been filed with the Department with respect to Bronx-Lebanon Hospital Center, a subgrantee of Bronx-Lebanon Integrated Services Systems, a record of that filing would be maintained in the Claims Branch's database.

4. I caused a search of the Claims Branch's database to be conducted and found no record of an administrative tort claim filed by Glenys Casado or an authorized representative relating to Bronx-Lebanon Hospital Center or Ambulatory Care Network.

- 2 -

5. I have also reviewed official agency records and determined that Bronx-Lebanon Hospital Center, a subgrantee of Bronx-Lebanon Integrated Services Systems, was first deemed eligible for Federal Tort Claims Act malpractice coverage effective January 1, 2004, and that its deemed status has continued without interruption since that date. The Ambulatory Care Network located at 1650 Grand Concourse, Bronx, New York 10457-7606, is an approved delivery site of Bronx Lebanon Hospital Center, and therefore is covered under the Federal Tort Claims Act. The Secretary of Health and Human Services' authority to deem entities as Public Health Service employees under 42 U.S.C. § 233(g) has been delegated to the Associate Administrator, Bureau of Primary Health Care, Health Resources and Services Administration. Copies of the notifications by the Department of Health and Human Services, to Bronx-Lebanon Hospital Center, a subgrantee of Bronx-Lebanon Integrated Services Systems, are attached to this declaration as Exhibit 1.

6. The Federal Tort Claims Act coverage is only extended to podiatric services provided to Glenys Casado at the Ambulatory Care Network, an approved delivery site of Bronx Lebanon Hospital Center.

I declare under penalty of perjury that the foregoing is true and correct. 28 U.S.C. § 1746.

Dated at Washington, D.C., this __17th__ day of __July__, 2008.


_____
JEFFREY S. DAVIS
Associate General Counsel
General Law Division
Office of the General Counsel
Department of Health and Human Services

# Exhibit 1

**DEPARTMENT OF HEALTH & HUMAN SERVICES**

**Public Health Service**

BUREAU OF PRIMARY HEALTH CARE

Health Resources and
Services Administration
Bethesda MD 20814

DEC 29 2003

Saudah Muhammad
Executive Director
Bronx-Lebanon Integrated Services System
1780 Grand Concourse
Second Floor
Bronx, New York 10457

Dear Ms. Muhammad:

Reference: Malpractice Liability Coverage

The Bureau of Primary Health Care (BPHC), in accordance with Section 224(h) of the Public Health Service (PHS) Act, 42 U.S.C. 233(h), as amended by the Federally Supported Health Centers Assistance Act of 1995 (Pub.L. 104-73), deems the above named entity to be an employee of the Federal Government, effective January 1, 2004, for the purposes of Section 224. Section 224(a) provides liability protection under the Federal Tort Claims Act (FTCA) for damage for personal injury, including death, resulting from the performance of medical, surgical, dental, and related functions and is exclusive of any other civil action or proceeding. This "FTCA coverage" is applicable to deemed entities and their officers, governing board members, employees, and contractors who are physicians or other licensed or certified health care practitioners working full-time (minimum 32.5 hours per week) or part-time providing family practice, general internal medicine, general pediatrics, or obstetrics/gynecological services. (See Bureau of Primary Health Care Policy Information Notice 99-08 for more detailed information.)

Section 224 further provides that hospital admitting privileges cannot be denied on the basis of having malpractice coverage under the FTCA, if a covered health care professional meets the appropriate professional qualifications and agrees to abide by the hospital bylaws and the rules and regulations of the medical staff. Moreover, managed care plans are required to accept FTCA coverage as meeting whatever malpractice insurance coverage requirements such plans may require of contracting providers. Hospitals and managed care plans that fail to comply shall be in jeopardy of losing Medicare and Medicaid reimbursements.

Page 2 - Saudah Muhammad

In addition, FTCA coverage is comparable to an "occurrence" policy without a monetary cap. Therefore, any coverage limits that may be mandated by other organizations are met. For example, a $1.0 million each claim/$3.0 million aggregate occurrence is met since FTCA coverage would, as appropriate, provide for the payment to a plaintiff any damages awarded as a result of a judgment or settlement approved by the Attorney General, including sums in excess of policy requirements.

For further information, please contact your Project Officer, Ms. Tamara Lewis-Johnson, Health Resources and Services Administration, Northeastern Operations Branch, at (301) 594-4497.

Sincerely yours,

Sam S. Shekar, M.D., M.P.H.
Assistant Surgeon General and
Associate Administrator For Primary Health Care

**DEPARTMENT OF HEALTH & HUMAN SERVICES**

**Public Health Service**

BUREAU OF PRIMARY HEALTH CARE

Health Resources and
  Services Administration
Bethesda MD 20814

DEC 29 2003

Bruce Peckman
Executive Director
Bronx-Lebanon Hospital Center
 [Subgrantee of Bronx-Lebanon Integrated Services System]
1276 Fulton Avenue
Bronx, New York 10456

Dear Mr. Peckman:

Reference: Malpractice Liability Coverage

The Bureau of Primary Health Care (BPHC), in accordance with Section 224(h) of the
Public Health Service (PHS) Act, 42 U.S.C. 233(h), as amended by the Federally
Supported Health Centers Assistance Act of 1995 (Pub.L. 104-73), deems the above
named entity to be an employee of the Federal Government, effective January 1, 2004,
for the purposes of Section 224. Section 224(a) provides liability protection under the
Federal Tort Claims Act (FTCA) for damage for personal injury, including death,
resulting from the performance of medical, surgical, dental, and related functions and is
exclusive of any other civil action or proceeding. This "FTCA coverage" is applicable to
deemed entities and their officers, governing board members, employees, and contractors
who are physicians or other licensed or certified health care practitioners working full-
time (minimum 32.5 hours per week) or part-time providing family practice, general
internal medicine, general pediatrics, or obstetrics/gynecological services. (See Bureau
of Primary Health Care Policy Information Notice 99-08 for more detailed information.)

Section 224 further provides that hospital admitting privileges cannot be denied on the
basis of having malpractice coverage under the FTCA, if a covered health care
professional meets the appropriate professional qualifications and agrees to abide by the
hospital bylaws and the rules and regulations of the medical staff. Moreover, managed
care plans are required to accept FTCA coverage as meeting whatever malpractice
insurance coverage requirements such plans may require of contracting providers.
Hospitals and managed care plans that fail to comply shall be in jeopardy of losing
Medicare and Medicaid reimbursements.

Page 2 - Bruce Peckman

In addition, FTCA coverage is comparable to an "occurrence" policy without a monetary cap. Therefore, any coverage limits that may be mandated by other organizations are met. For example, a $1.0 million each claim/$3.0 million aggregate occurrence is met since FTCA coverage would, as appropriate, provide for the payment to a plaintiff any damages awarded as a result of a judgment or settlement approved by the Attorney General, including sums in excess of policy requirements.

For further information, please contact your Project Officer, Ms. Tamara Lewis-Johnson, Health Resources and Services Administration, Northeastern Operations Branch, at (301) 594-4497.

Sincerely yours,

Sam S. Shekar, M.D., M.P.H.
Assistant Surgeon General and
Associate Administrator For Primary Health Care



**DEPARTMENT OF HEALTH & HUMAN SERVICES**

Health Resources and Services
Administration

Bureau of Primary Health Care
Rockville MD 20857

DEC 30 2005

Mr. Lionel P. Stewart
Executive Director
Dr. Martin Luther King, Jr.
   Health Center
[Subgrantee of Bronx-Lebanon
   Integrated Services System]
1265 Franklin Avenue
Bronx, New York 10456

Dear Mr. Stewart:

    The Bureau of Primary Health Care (BPHC) very much appreciated meeting with
Bronx-Lebanon Integrated Services System's (BLISS) officials and representatives of Bronx-
Lebanon Hospital Center (BLHC) and Martin Luther King Jr. Health Center (MLK). BPHC
has reviewed the Federal Tort Claims Act (FTCA) issues raised during its meeting with
BLISS, MLK, and BLHC.

    A subrecipient is "an entity which receives a grant or a contract from a covered entity
to provide a full range of health services on behalf of the covered entity." (42 C.F.R. 6.2.).
Further, "subrecipients of grant funds described in paragraph (a) of this section are eligible
for FTCA coverage only if they provide a full range of health care services on behalf of an
eligible grantee and only for those services carried out under the grant funded project."
42 C.F.R. 6.3(b).

    BPHC has concluded that the contrac between BLISS, BLHC, and MLK have
met the standards set forth in the above regulations. We want to emphasize that only
the sites and services approved in BLISS scope of project (as listed in Exhibit B of
BLISS grant application) are eligible for coverage under the FTCA. Those sites are:

1. Dr. Martin Luther King, Jr., Health Center
   1265 Franklin Avenue
   Bronx, NY  10456-3501

2. Ambulatory Care Network
   1650 Grand Concourse
   Bronx, NY  10457-7606

3. Family Practice Center
   1276 Fulton Avenue, 3rd Floor
   Bronx, NY  10456-3501

Page 2 – Mr. Lionel P. Stewart

4.  Poe Medical and Dental Center
    2432 Grand Concourse
    Bronx, NY  10458-4204

5.  Mid-Bronx Desperadoes Family Medicine (MBD)
    1690 Bryant Avenue
    Bronx, NY  10460

6.  Tiffany Primary Care Practice
    853 Tiffany Street
    Bronx, NY  10459-4503

7.  Crotona Park Family Practice
    1591 Fulton Avenue
    Bronx, NY  10457-8234

8.  Medical Practice at Third Avenue
    2737-41 3rd Avenue
    Bronx, NY  10451

As discussed in the meeting between BPHC staff and BLISS, BLHC, and MLK staff on August 8, 2005, FTCA coverage will not extend to services outside the scope of project of BLISS, including inpatient services at BLHC.  Coverage for hospital-based services is limited to health center based physicians who follow their patients from one of the approved delivery sites to BLHC to provide inpatient medical care. (See Policy Information Notice 99-08.)  The services of the regular hospital staff (residents, nurses, anesthesiologists, etc.) who may be working with health center-based physicians following patients hospitalized at BLHC are not covered by FTCA. In order to be covered while providing services at the hospital, the covered entity must show that (1) the hospitalized patient was a patient at one of the approved health center delivery sites and (2) the attending physician is a health center-based physician. (42 USC 254b(a)).

Residents will be covered under the FTCA for the ambulatory medical care provided at one of the approved sites listed above, but will not be covered by FTCA for any inpatient medical services provided at the hospital.  Coverage for inpatient services is afforded in very limited circumstances and can only be extended to the attending physician that follows a patient from the approved health center delivery site. (42 C.F.R. 6.6(b); BPHC PIN 97-6).

To ensure coverage, BLHC must develop a system that (1) tracks the patients that are served in the approved delivery sites of BLISS; (2) and maintain dated lists of rotation schedules for each approved delivery site for residents and attending

Page 3 – Mr. Lionel P. Stewart

physicians which can be reviewed by BPHC should claims arise in the future.   MLK and BLHC employees who do not provide approved services in an approved delivery site or who are not following a patient treated at an approved site would not be covered under FTCA.

If you have any questions, please contact Ms. Aida Stark in the Division of Clinical Quality, BPHC, Health Resources and Services Administration, at 301 594-4442.

Sincerely,

A. Michelle Snyder
Associate Administrator