UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

GLENYS CASADO,

          Plaintiff,

      v.

PRADIP JOSHI, DPM, and BRONX
LEBANON HOSPITAL,

          Defendants.

**DECLARATION OF
SUSAN D. BAIRD**

08 Civ. 7095 (JGK)

      I, SUSAN D. BAIRD, pursuant to 28 U.S.C. § 1746, declare under penalty of perjury as follows:

      1.    I am the Assistant United States Attorney assigned to handle the above case, and I am fully familiar with all the facts stated herein.  I make this declaration in support of the motion to substitute the United States of America (the "United States") as defendant in place of the Ambulatory Care Network of Bronx Lebanon Hospital, and to dismiss the complaint as against the United States.

      2.    Attached hereto as Exhibit A is a true and correct copy of plaintiff's summons and complaint filed in Supreme Court of the State of New York, Bronx County, Index Number 14529-07, on or about April 27, 2007.

      3.    Attached hereto as Exhibit B is a true and correct copy of the Certification of Michael J. Garcia dated July 25, 2008.

4.    Attached hereto as Exhibit C is a true and correct copy of the Notice of Removal in

Case No. 08 Civ. 7095 (JGK), filed August 8, 2008.

Dated: New York, New York
      August 15, 2008

_____/s_____
_____SUSAN D. BAIRD
Assistant United States Attorney

2

Exhibit A

**HECTOR L. DIAZ**
*Bronx County Clerk*

*APPLICATION FOR INDEX NUMBER*
*Pursuant to Section 8018 (a) Civil Practice Law and Rules*

*FEE: $ 210.00*




*INDEX NUMBER*

*SUPREME COURT: BRONX COUNTY*

*FULL TITLE OF ACTION OR PROCEEDING (Please type or print)*    *INITIAL* **J.B.**

---

| Plaintiff |
|-----------|

GLENYS CASADO

*vs.*

PRADIP JOSHI, DPM, and BRONX LEBANON HOSPITAL

**FILED**

APR 27 2007

| Defendant |
|-----------|

BRONX COUNTY CLERK'S OFFICE

---

*Application for Index Number filed by:* ☑ *Plaintiff* ☐ *Defendant*

*Is this action for a provisional remedy, no action pending?* ☐ *Yes* ☑ *No*

*Type of Action:* ☐ *Tort* ☐ *Motor Vehicle* ☑ *Other-Personal Injury*

☐ *Contract* ☐ *Commercial* ☐ *Tax Certiorari* ☐ *Other (Please Indicate*

☐ *Matrimonial* ☐ *Contested* ☐ *Uncontested*

---

*For Plaintiff or Petitioner*

Name:    Glenys Casado, Plaintiff Pro Se
Address:    704 East 183rd Street, Apt. 2
Town Zip:    Bronx, New York 10458
Telephone Number:    (718) 562-6339

*For Defendant or Respondent*

Name:
Address:
Town Zip:
Telephone Number:

*If you would like a receipt mailed to you, Please provide a self-addressed stamped envelope.*

SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF BRONX

------------------------------------------------------------X

GLENYS CASADO,

                              Plaintiff,

              -against-

PRADIP JOSHI, DPM, and BRONX ~~FILED~~
LEBANON HOSPITAL,

                              Defendants.    **APR 2 7 2007**

------------------------------------------------------------X

**BRONX COUNTY CLERKS OFFICE**

**SUMMONS WITH NOTICE**

INDEX # 14529-07

PLAINTIFF(S) DESIGNATES
BRONX
COUNTY
AS THE PLACE OF TRIAL

THE BASIS OF VENUE
IS: Plaintiff's Residence

PLAINTIFF(S) RESIDE
AT: 4225 Herkimer Place
Bronx, New York 10470

COUNTY OF
BRONX

**TO THE ABOVENAMED DEFENDANT(S):    DATE FILED:** _____

        **YOU ARE HEREBY SUMMONED** to Answer the Complaint in this action and to
serve a copy of your Answer, or, if the Complaint is not served with this Summons, to serve a
Notice of Appearance, on the Plaintiff's Attorney(s) within 20 days after the service of this
Summons, exclusive of the day of service (or within 30 days after the service is complete if this
Summons is not personally delivered to you within the State of New York); and in case of your
failure to appear or Answer, judgment will be taken against you by default for the relief demanded
herein.

                                        _Glenys Casado_

DATED:        Valhalla, New York        **GLENYS CASADO**
              April 2007                Plaintiff Pro Se
                                        704 East 183rd Street, Apt. 2
                                        Bronx, New York  10458
                                        (718) 562-6339

DEFENDANTS' ADDRESS(ES):  SEE BELOW

**NOTICE:** THE NATURE OF THIS ACTION IS CLAIM FOR CONSCIOUS PAIN AND
SUFFERING MEDICAL MALPRACTICE, LACK OF INFORMED CONSENT, LOSS OF
SERVICES, SOCIETY, SUPPORT, COMPANIONSHIP AND CONSORTIUR AS A
RESULT OF CARE AND TREATMENT PROVIDED BY THE DEFENDANT HEREIN
TO THE PLAINTIFF GLENYS CASADO.

**THE RELIEF SOUGHT** is judgment awarding money damages in an
amount exceeding the jurisdictional limits of all courts of record except the
Supreme Court of the State of New York.

**UPON YOUR FAILURE TO APPEAR,** JUDGMENT WILL BE TAKEN AGAINST YOU BY DEFAULT FOR THE SUM   exceeding the jurisdictional limits of all courts of record except the Supreme Court of the State of New York. WITH INTEREST, TOGETHER WITH THE COSTS AND DISBURSEMENTS OF THIS ACTION.

**DEFENDANT('S) ADDRESS(ES)**  (See Below)

PRADIP JOSHI, DPM
1963-A Daly Avenue
Bronx, New York  10460

BRONX LEBANON HOSPITAL
1650 Grand Concourse
Bronx, New York  10457

*PLEASE RESPOND TO*

*Edgar P. Campbell *Counselor at Law*2 Madison Avenue*Valhalla, New York 10595* (914) 948-7700*

SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF BRONX
--------------------------------------------------x
GLENYS CASADO,

Plaintiffs

-against-

VERIFIED COMPLAINT

PRADIP JOSHI, DPM, and BRONX
LEBANON HOSPITAL,

Defendants.
--------------------------------------------------x

**FILED**

**APR 2 7 2007**

**BRONX COUNTY CLERK'S OFFICE**

Plaintiffs GLENYS CASADO, pro se, complaining of the defendants herein respectfully allege upon information and belief as follows:

1.    Upon information and belief the plaintiff GLENYS CASADO was and still is a resident of the County of Bronx, State of New York.

2.    Upon information and belief and at all times hereinafter mentioned the defendant PRADIP JOSHI, DPM was and still is a resident of the County of Bronx, State of New York.

3.    Upon information and belief and at all times hereinafter mentioned the defendant PRADIP JOSHI, DPM was and still is a podiatrist duly licensed to practice podiatry in the State of New York.

4.    Upon information and belief and at all times hereinafter mentioned the defendant PRADIP JOSHI, DPM maintains an office for the practice of podiatry in and about the County of Bronx, State of New York at 1963-A Daly Avenue.

5.    Upon information and belief and at all times hereinafter mentioned the defendant PRADIP JOSHI, DPM held himself out as competent to render

1

podiatric services, care and treatment to the sick and ailing and to those who presented with problems and/or conditions.

6.    That at all times hereinafter mentioned the defendant PRADIP JOSHI, DPM was a podiatrist duly licensed to practice podiatry in the State of New York and held himself out as a specialist in the field of podiatry.

7.    Upon information and belief and at all times hereinafter mentioned the defendant PRADIP JOSHI, DPM furnished care and treatment to the plaintiff GLENYS CASADO from 2004 through 2005.

8.    Upon information and belief and at all times hereinafter mentioned the defendant BRONX LEBANNON HOSPITAL was and still is a domestic corporation organized and existing by and under the laws of the State of New York and maintains a hospital and/or medical facility in the County of Bronx, State of New York.

9.    Upon information and belief and at all times hereinafter mentioned the defendant BRONX LEBANNON HOSPITAL was the owner of a hospital known as BRONX LEBANNON HOSPITAL located at 1650 Grand Concourse, Bronx, New York.

10.    Upon information and belief and at all times hereinafter mentioned the defendant BRONX LEBANNON HOSPITAL operated the said defendant hospital including but not limited to the emergency rooms, examining rooms, operating rooms, recovery rooms and/or other facilities within the said defendant hospital.

2

11.     Upon information and belief and at all times hereinafter mentioned the defendant BRONX LEBANNON HOSPITAL maintained the said defendant hospital including but not limited to the emergency rooms, examining rooms, operating rooms, recovery rooms and/or other facilities within the said defendant hospital.

12.     Upon information and belief and at all times hereinafter mentioned the defendant BRONX LEBANNON HOSPITAL in or about 2004 and 2005 was a duly accredited hospital.

13.     That at all times hereinafter mentioned the defendant BRONX LEBANNON HOSPITAL is a facility providing medical and/or surgical services for those who presented at said facility.

14.     Upon information and belief and at all times hereinafter mentioned the defendant BRONX LEBANNON HOSPITAL was and still is a not-for-profit organization duly formed and operating under the laws of the State of New York.

15.     Upon information and belief and at all times hereinafter mentioned the defendant BRONX LEBANNON HOSPITAL employed residents, nurses, interns, x-ray technicians, laboratory technicians and/or other persons or health care providers who provided care and treatment and/or services and/or consultations to persons presenting at said defendant hospital on or about 2004 and 2005.

16. That at all times hereinafter mentioned, the defendant BRONX LEBANNON HOSPITAL provided care and treatment to the plaintiff, during the period of time of 2004 and 2005.

3

17. That at all times hereinafter mentioned and during the aforementioned period of time the defendant PRADIP JOSHI, DPM for good and valuable consideration agreed to care and treat the plaintiff in accordance with approved methods of care and treatment and to use his care, skill and best judgment in the care and treatment of the plaintiff GLENYS CASADO during the period of time she was under his care.

18. That at all times hereinafter mentioned and during the aforementioned period of time the defendant BRONX LEBANNON HOSPITAL for good and valuable consideration agreed to care and treat the plaintiff in accordance with approved methods of care and treatment and to use its care, skill and best judgment in the care and treatment of the plaintiff GLENYS CASADO during the period of time she was under its care.

19.    Upon information and belief and at all times hereinafter mentioned the defendant PRADIP JOSHI, DPM owed the plaintiff GLENYS CASADO that duty of possessing and exercising that degree of podiatric learning, knowledge and skill which is generally recognized in the community.

20. Upon information and belief and at all times hereinafter mentioned the defendant BRONX LEBANNON HOSPITAL owed the plaintiff GLENYS CASADO that duty of possessing and exercising that degree of podiatric learning, knowledge and skill which is generally recognized in the community.

21.    Upon information and belief and at all times hereinafter mentioned the defendant PRADIP JOSHI, DPM agreed to care for and treat the plaintiff

4

GLENYS CASADO and carelessly and negligently cared for and treated the plaintiff GLENYS CASADO without using the proper degree of podiatric customs and/or standards and/or practice as a result of which in whole and/or in part the plaintiff GLENYS CASADO sustained progressive, protracted and permanent injuries.

22. Upon information and belief and at all times hereinafter mentioned the defendant BRONX LEBANON HOSPITAL agreed to care for and treat the plaintiff GLENYS CASADO and carelessly and negligently cared for and treated the plaintiff GLENYS CASADO without using the proper degree of podiatric customs and/or standards and/or practice as a result of which in whole and/or in part the plaintiff GLENYS CASADO sustained progressive, protracted and permanent injuries.

23.    The defendants herein were careless and negligent in failing to promptly and timely treat the plaintiff GLENYS CASADO for problems and/or symptoms and/or conditions relating but not limited to the left foot.

24.    That the defendants herein carried out care and treatment on the plaintiff's left foot including but not limited to surgical procedures and/or other podiatric care and treatment

25.    That upon information and belief the defendants PRADIP JOSHI, DPM and/or BRONX LEBANON HOSPITAL their agents, servants and/or employees and/or those under their supervision and/or control were careless and negligent, committed acts and/or omissions and/or acts of medical and/or surgical

5

malpractice in the care and treatment of the plaintiff GLENYS CASADO in, among other things, failing to treat the plaintiff in accordance with surgical practice, failing to heed signs, symptoms and complaints; carelessly and negligently and improperly performing tests and/or examinations; in failing to use their best judgment; failing to follow good, known and accepted customs and practices in the medical and/or surgical and/or podiatric care of the plaintiff; carelessly and negligently failing to call in consultants; carelessly and negligently failing to take adequate measures and precautions; carelessly and negligently performing surgery on the plaintiff's left foot; carelessly and negligently failing to render good, usual customary medical and/or surgical and/or podiatric practices; carelessly and negligently failing to   follow the plaintiff; carelessly and negligently failing to render good, usual and customary podiatric and/or medical and/or surgical follow up care; and the defendants herein committed other acts and/or omissions of medical and/or surgical and/or podiatric malpractice herein.

26.    That as a result of the foregoing, the plaintiff, GLENYS CASADO, was rendered, sick, sore, lame and disabled, suffered severe pain and emotional anguish, and had to undergo unnecessary hospital and/or medical care and attention.   As a result of the defendant's negligence, the plaintiff has incurred expenses therefrom.

29.    That as a result of the foregoing, the plaintiff, LILIANA  SOLANO, was and remains impaired and unable to enjoy life and has suffered diminution of life's daily activities and/or was impaired from pursuing her usual vocation together

6

with other losses and damages that were sustained as a result of the defendants' negligence and/or medical malpractice herein.

30. That upon information and belief, the defendants herein carelessly and negligently Caused conscious pain and suffering to the plaintiff as well as loss of enjoyment of life as well as an impairment of life's daily activities as a result of the aforesaid.

31. That as a result of the disabilities sustained and conscious pain and suffering by the plaintiff, GLENYS CASADO the damages sought to be recovered herein exceeds the monetary jurisdiction of all courts of record except the Supreme Court of New York.

## AS AND FOR A SECOND CAUSE OF ACTION

32. Plaintiffs repeat, replead and reiterate each and every allegation as contained in paragraphs designated "1" through "31" of the foregoing Complaint with the same force and effect as if more fully set forth at length herein.

33. That the defendants herein failed to disclose to the plaintiff and/or her next of kin the risks, hazards, alternatives, choices and/or reasonably foreseeable risks, hazards, alternatives, choices and/or benefits involved in the care and treatment rendered herein that a reasonable medical and surgical practitioner under similar circumstances would have disclosed in a manner permitting the plaintiff and/or her next of kin to make a knowledgeable evaluation of same.

7

34.    That it was reasonably possible for the defendants herein to disclose to the plaintiff and/or her next of kin as to the risks, hazards, alternatives and/or complications of said treatment and/or procedures.

35.    That had the plaintiff and/or her next of kin been so informed of the risks, hazards, alternatives and/or choices involved in the aforesaid treatment and/or lack of same they would not have undergone said treatment and/or diagnosis and/or procedures.

36.    That the plaintiff herein did not assure the defendants herein that they did not want to be so informed of the risks, hazards, alternatives and/or choices involved in the care and treatment rendered to the plaintiff.

37.    That the risks, hazards, alternatives, communications which the defendants herein failed to disclose and/or inform the plaintiff and/or her next of kin were not too commonly known to the plaintiff and/or her next of kin not to warrant such disclosure.

38.    That the plaintiff herein did not assure the defendants herein that he would undergo the treatment and/or lack of same and/or procedure complained of regardless of the risks, hazards, alternatives and/or complications involved.

39.    That the manner and extent of such disclosure in light of the attendant facts and circumstances would not have been expected to adversely and/or substantially affect the plaintiff's condition.

40.    That the defendants herein, light of all the attendant facts and circumstances failed to use reasonable discretion as to the manner and extent to which such

8

alternatives, risks, hazards, choices and/or complications were disclosed to the plaintiff.

41. That the failure to fully inform the plaintiff and/or her next of kin was the proximate cause in whole and/or in part of the injury and/or other conditions sustained herein for which recovery is sought.

42. That the defendants, their agents, servants and/or employees and/or those under their supervision and/or control were required to inform the plaintiff and/or her next of kin as to the risks involved with the condition, testing and care and treatment or lack of same.

43. That the amount of damages sought herein exceeds the jurisdictional limits of all courts of record which would otherwise have jurisdiction except the Supreme Court of the State of New York.

WHEREFORE, plaintiff GLENYS CASADO demands judgment on the First and Second Causes of Action in an amount of damages as to each cause of action all of which exceed the jurisdictional limits of all courts of record except the Supreme Court of the State of New York together with interest, costs and disbursements of said action and for such other, further and different relief as to this Court may seem just and proper.

Dated: Bronx, New York
      April 2007

9

Yours, etc.

*Glenys Casado*

Glenys Casado
Plaintiff Pro Se
704 East 183rd Street, Apt. 2
Bronx, New York  10458
(718) 562-6339

10

SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF BRONX
-------------------------------------------------x
GLENYS CASADO,

                    Plaintiff

    -against-

                                 CERTIFICATE
                                 OF MERIT
                                 PURSUANT TO CPLR
                                 3012-f

  PRADIP JOSHI, DPM, and BRONX
  LEBANON HOSPITAL,

                     Defendants.
-------------------------------------------------x

      Pursuant to CPLR 3012-f, plaintiff is not required to file a Certificate of

Merit as plaintiff is not represented by an attorney.


Dated:      Bronx, New York
          April 2007


                     Yours, etc.

                     *Glenys Casado*

                     Glenys Casado
                     Plaintiff Pro Se
                     704 East 183rd Street, Apt. 2
                     Bronx, New York  10458
                     (718) 562-6339

Index No.:                    Year 2007

SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF BRONX

GLENYS CASADO,

Plaintiffs

-against-

PRADIP JOSHI, DPM, and BRONX LEBANON HOSPITAL,

SUMMONS AND COMPLAINT

Glenys Casado
Plaintiff Pro Se
704 East 183rd Street, Apt. 2
Bronx, New York  10458
(718) 562-6339

To:
Attorney(s) for

Service of a copy of the within                    is hereby admitted.

Dated:
                                          Attorney(s) for

**_PLEASE TAKE NOTICE_**

☐           that the within is a (certified) true copy of a
Notice      entered in the office of the clerk of the within named Court on
of Entry

☐           that an Order of which the within is a true copy will be presented for
Notice      settlement to the Hon. _____one of the judges of the within named Court,
Settlement  on              19    , at           M.

B 151— Affidavit of Service of Summons or Subpoena: Personal or Alternative
Method; Corp. or Ind : Military Service, 10 pt. type, 1-95

© 1988 JULIUS BLUMBERG, INC.,
PUBLISHER, NYC 10013

SUPREME COURT
COUNTY OF BRONX

Index No. 14529-07

GLENYS CASADO

Plaintiff(s)

against

PRADIP JOSHI, DPM AND BRONX LEBANON Hospital

Defendant(s)

AFFIDAVIT OF
SERVICE OF SUMMONS
(AND COMPLAINT)

STATE OF NEW YORK, COUNTY OF ORANGE SS.: The undersigned, being duly sworn, deposes and says; deponent is not a party herein, is over 18 years of age and resides at MIDDLETOWN NY 10940
That on AUGUST 9, 2007 at 5:13 P.M., at 1963-A DALY AVE, BRONX, NY 10460 defendant therein named,
deponent served the within summons, and complaint on PRADIP JOSHI, DPM

**INDIVIDUAL 1.** ☐ by delivering a true copy of each to said defendant personally; deponent knew the person so served to be the person described as said defendant therein.

**CORPORATION 2.** ☐ a _____ corporation, by delivering thereat a true copy of each to _____ personally, deponent knew said corporation so served to be the corporation described in said summons as said defendant and knew said individual to be _____ thereof.

**SUITABLE AGE PERSON 3.** ☒ by delivering thereat a true copy of each to CARMEN DONES (MANAGER) a person of suitable age and discretion. Said premises is defendant's—actual place of business—dwelling place—usual place of abode—within the state.

**AFFIXING TO DOOR, ETC. 4.** ☐ by affixing a true copy of each to the door of said premises, which is defendant's—actual place of business—dwelling place—usual place of abode—within the state. Deponent was unable, with due diligence to find defendant or a person of suitable age and discretion thereat, having called there

**MAILING TO RESIDENCE USE WITH 3 OR 4 5A.** ☐ Within 20 days of such delivery or affixing, deponent enclosed a copy of same in a postpaid envelope properly addressed to defendant at defendant's last known residence, at _____ and deposited said envelope in an official depository under the exclusive care and custody of the U.S. Postal Service within New York State.

**MAILING TO BUSINESS USE WITH 3 OR 4 5B.** ☒ Within 20 days of such delivery or affixing, deponent enclosed a copy of same in a first class post paid envelope properly addressed to defendant at defendant's actual place of business, at 1963-A DALY AVE BRONX NY 10460 in an official depository under the exclusive care and custody of the U.S. Postal Service within New York State. The envelope bore the legend "Personal and Confidential" and did not indicate on the outside thereof, by return address or otherwise, that the communication was from an attorney or concerned an action against the defendant.

**DESCRIPTION USE WITH 1, 2, OR 3**

| | | | | | |
|---|---|---|---|---|---|
| ☐ Male | ☐ White Skin | ☒ Black Hair | ☐ White Hair | ☐ 14-20 Yrs. | ☐ Under 5' | ☐ Under 100 Lbs. |
| ☒ Female | ☐ Black Skin | ☐ Brown Hair | ☐ Balding | ☐ 21-35 Yrs. | ☒ 5'0"-5'3" | ☒ 100-130 Lbs. |
| | ☐ Yellow Skin | ☐ Blonde Hair | ☐ Mustache | ☐ 36-50 Yrs. | ☐ 5'4"-5'8" | ☐ 131-160 Lbs. |
| | ☒ Brown Skin | ☐ Gray Hair | ☐ Beard | ☒ 51-65 Yrs. | ☐ 5'9"-6'0" | ☐ 161-200 Lbs. |
| | ☐ Red Skin | ☐ Red Hair | ☐ Glasses | ☐ Over 65 Yrs. | ☐ Over 6' | ☐ Over 200 Lbs. |

Other identifying features:

**USE IN NYC CIVIL CT.** ☐ The words "CONSUMER CREDIT TRANSACTION" were prominently displayed at the top of the summons(es) and the additional legend was printed in not less than 12 point bold upper case type on the summons(es) pursuant to 22 NYCRR §208.6(d) and (f).

**MILITARY SERVICE** ☐ I asked the person spoken to whether recipient was in active military service of the United States or of the State of New York in any capacity whatever and received a negative reply. Recipient wore ordinary civilian clothes and no military uniform. The source of my information and the grounds of my belief are the conversations and observations above narrated. Upon information and belief I aver that the recipient is not in military service of New York State or of the United States as that term is defined in either the State or in the Federal statutes.

Sworn to before me on
8·13·07

NILSA CASIANO
NOTARY PUBLIC, State of New York
No. 04CA4676022
Qualified in Bronx County
Commission Expires Dec. 31, 20 10

License No. 1071607

INSTRUCTIONS: Check appropriate boxes and fill in blanks. Delete inappropriate italicized language and military service allegation if not applicable.

B 151— Affidavit of Service of Summons or Subpoena: Personal or Alternative
Methods: Corp. or Ind.; Military Service, ID pt. type, 1-95

© 1988 JULIUS BLUMBERG, INC.,
PUBLISHER, NYC 10013

SUPREME COURT
COUNTY OF BRONX

GLENYS CASADO

Plaintiff(s)

against

PRADIP JOSHI, DPM AND BRONX LEBANON HOSPITAL

Defendant(s)

Index No. 14529 - 07

AFFIDAVIT OF
SERVICE OF SUMMONS
(AND COMPLAINT)

STATE OF NEW YORK, COUNTY OF ORANGE                SS:   The undersigned, being duly sworn, deposes and says; deponent is not a
party herein, is over 18 years of age and resides at MIDDLETOWN, N.Y. 10940
That on AUGUST 9, 2007                    at 2:30 P.M., at SELWYN AVE. Suite 3D BRONX, N.Y. 10457
deponent served the within summons, and complaint on BRONX LEBANON HOSPITAL                              defendant therein named,

**INDIVIDUAL**
**1.** ☐ by delivering a true copy of each to said defendant personally; deponent knew the person so served to be the person described as
said defendant therein.

**CORPORATION**
**2.** ☒ a DOMESTIC                    corporation, by delivering thereat a true copy of each to ANNIE GARCIA
personally, deponent knew said corporation so served to be the corporation described in said summons as said defendant and
knew said individual to be ADMIN. ASST.                thereof.

**SUITABLE AGE PERSON**
**3.** ☐ by delivering thereat a true copy of each to                                a person of suitable age
and discretion. Said premises is defendant's—actual place of business—dwelling place—usual place of abode—within the state.

**AFFIXING TO DOOR, ETC.**
**4.** ☐ by affixing a true copy of each to the door of said premises, which is defendant's—actual place of business—dwelling place—
usual place of abode—within the state. Deponent was unable, with due diligence to find defendant or a person of suitable age
and discretion thereat, having called there

**MAILING TO RESIDENCE**
**USE WITH 3 OR 4**
**5A** ☐ Within 20 days of such delivery or affixing, deponent enclosed a copy of same in a post-paid envelope properly addressed to
defendant at defendant's last known residence, at                                and deposited
said envelope in an official depository under the exclusive care and custody of the U.S. Postal Service within New York State.

**MAILING TO BUSINESS**
**USE WITH 3 OR 4**
**5B** ☐ Within 20 days of such delivery or affixing, deponent enclosed a copy of same in a first class post-paid envelope properly
addressed to defendant at defendant's actual place of business, at
in an official depository under the exclusive care and custody of the U.S. Postal Service within New York State. The envelope bore
the legend "Personal and Confidential" and did not indicate on the outside thereof, by return address or otherwise, that the
communication was from an attorney or concerned an action against the defendant.

**DESCRIPTION**
**USE WITH**
**1, 2, OR 3**

| ☐ Male | ☐ White Skin | ☐ Black Hair | ☐ White Hair | ☐ 14-20 Yrs. | ☐ Under 5' | ☐ Under 100 Lbs. |
| ☒ Female | ☒ Black Skin | ☒ Brown Hair | ☐ Balding | ☐ 21-35 Yrs. | ☐ 5'0"-5'3" | ☒ 100-130 Lbs. |
| | ☐ Yellow Skin | ☐ Blonde Hair | ☐ Mustache | ☒ 36-50 Yrs. | ☒ 5'4"-5'8" | ☐ 131-160 Lbs. |
| | ☒ Brown Skin | ☐ Gray Hair | ☐ Beard | ☐ 51-65 Yrs. | ☐ 5'9"-6'0" | ☐ 161-200 Lbs. |
| | ☐ Red Skin | ☐ Red Hair | ☐ Glasses | ☐ Over 65 Yrs. | ☐ Over 6' | ☐ Over 200 Lbs. |

Other identifying features:

**USE IN NYC CIVIL CT.**
☐ The words "CONSUMER CREDIT TRANSACTION" were prominently displayed at the top of the summons(es) and the additional
legend was printed in not less than 12 point bold upper case type on the summons(es) pursuant to 22 NYCRR §208.6(d) and (f).

**MILITARY SERVICE**
☐ I asked the person spoken to whether recipient was in active military service of the United States or of the State of New York in any
capacity whatever and received a negative reply. Recipient wore ordinary civilian clothes and no military uniform. The source of
my information and the grounds of my belief are the conversations and observations above narrated. Upon information and
belief I aver that the recipient is not in military service of New York State or of the United States as the term is defined in either
the State or in the Federal statutes.

Sworn to before me on

8 13 07

NILSA CASIANO
NOTARY PUBLIC, State of New York
No. 04CA4676022
Qualified in Bronx County
Commission Expires Dec. 31, 20 16

PRINT NAME BENEATH SIGNATURE

JACK MOSKOVITZ 8/13/07

License No.

INSTRUCTIONS: Check appropriate boxes and fill in blanks. Delete inappropriate italicized language and military service allegation if not applicable.

Exhibit B

MICHAEL J. GARCIA
United States Attorney for the
Southern District of New York
By: SUSAN D. BAIRD
Assistant United States Attorney
86 Chambers Street
New York, New York  10007
Tel. No.: (212) 637-2713
Fax No.: (212) 637-2750

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

GLENYS CASADO,

        Plaintiff,

        v.

PRADIP JOSHI, DPM, and BRONX
LEBANON HOSPITAL,

        Defendants.

**CERTIFICATION**

08 Civ. _70 95 (JGK)_

I, MICHAEL J. GARCIA, the United States Attorney for the Southern District of New

York, pursuant to the provisions of 42 U.S.C. § 233 and 28 U.S.C. § 2679(d), and by virtue of

the authority vested in me by the Attorney General under 28 C.F.R. § 15.4, hereby certify, on the

basis of the complaint filed in the above-captioned action and the information now available with

respect to the claims alleged, that defendant Bronx Lebanon Hospital ("Hospital") is an employee

of the United States and was acting within the scope of employment for purposes of claims

against the Hospital in connection with podiatric care given to the plaintiff by the Hospital's

Ambulatory Care Network, located at 1650 Grand Concourse, Bronx, New York.

Accordingly, pursuant to 42 U.S.C. § 233(g), the Hospital is deemed to be an employee of

the United States under the Federal Tort Claims Act for the podiatric care provided to plaintiff by

the Ambulatory Care Network.

Dated: New York, New York
      July 25     , 2008

                             MICHAEL J. GARCIA
                             United States Attorney for the
                             Southern District of New York

Exhibit C

MICHAEL J. GARCIA
United States Attorney for the
Southern District of New York
By: SUSAN D. BAIRD
Assistant United States Attorney
86 Chambers Street
New York, New York 10007
Tel. No.: (212) 637-2713
Fax No.: (212) 637-2750





UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

GLENYS CASADO,

        Plaintiff,

        v.

PRADIP JOSHI, DPM, and BRONX
LEBANON HOSPITAL,

        Defendants.

**NOTICE OF REMOVAL**

08 Civ. _7095 (JGK)_

from the Supreme Court of the State of
New York, County of Bronx,
Index No. 14529-07

      PLEASE TAKE NOTICE that defendant Bronx Lebanon Hospital ("Hospital") by its

attorney, MICHAEL J. GARCIA, United States Attorney for the Southern District of New York,

hereby removes the above-captioned action to the United States District Court for the Southern

District of New York. The grounds for removal are as follows:

      1.    On or about April 27, 2007, plaintiff commenced an action in the Supreme Court

of the State of New York, County of Bronx, by filing a Summons and Verified Complaint under

Index number 14529-07. A true and correct copy of the Summons and Verified Complaint is

attached hereto as Exhibit A.

      2.    In the complaint, plaintiff alleged that "at all times mentioned herein, the

defendant BRONX LEBANNON HOSPITAL was owner of a hospital known as BRONX

LEBANNON HOSPITAL located at 1650 Grand Concourse, Bronx, New York." Complaint ¶ 9.[1] Plaintiff further alleges that "at all times hereinafter mentioned, the defendant BRONX LEBANNON HOSPITAL provided care and treatment to the plaintiff, during the period of time of 2004 and 2005." Complaint ¶ 16.

3.     The facility located at 1650 Grand Concourse, Bronx, New York is the Ambulatory Care Network of the Hospital.

4.     Upon information and belief, the alleged podiatric care provided to plaintiff took place at the Ambulatory Care Network.

5.     Pursuant to the Public Health Service Act, as amended by the Federally Supported Health Centers Assistance Act of 1995, 42 U.S.C. § 201 et seq., the Ambulatory Care Network and its employees were deemed on January 1, 2004, to be employees of the United States Government. See 42 U.S.C. § 233(a), (g)-(n). Accordingly, the Hospital is eligible for Federal Tort Claims Act coverage in connection with any allegations regarding podiatric care provided to plaintiff by the Ambulatory Care Network in 2004 and 2005.

6.     The Federal Tort Claims Act, 28 U.S.C. §§ 1346(b), 1402(b), 2401(b) and 2671-2680, provides the exclusive remedy with respect to plaintiff's claims alleging malpractice for podiatric care that took place at the Ambulatory Care Network. See 42 U.S.C. § 233(a).

7.     Pursuant to 42 U.S.C. § 233(c) and 28 U.S.C. § 2679(d)(2), this action may be removed to this Court because:  (i) trial has not yet been had of this action; and (ii) this is a civil action brought against, inter alia, a party deemed to be an employee of the United States Government for purposes of the Federal Tort Claims Act.

---

[1] The complaint mis-spells the name of Bronx Lebanon Hospital several times.

2

8.     A copy of the Certification of Michael J. Garcia, United States Attorney for the Southern District of New York, dated July 25, 2008, certifying that the Hospital is an employee of the United States for purposes of plaintiff's claims against the Hospital in connection with podiatric care given to plaintiff by the Ambulatory Care Network, located at 1650 Grand Concourse, Bronx, New York, is attached hereto as Exhibit B.

Dated: New York, New York
       August 8, 2008

Respectfully submitted,

MICHAEL J. GARCIA
United States Attorney for the
Southern District of New York

By: /SUSAN D. BAIRD/
    Assistant United States Attorney
    86 Chambers Street
    New York, New York 10007
    Tel.: (212) 637-2713
    Fax: (212) 637-2750
    Susan.Baird@usdoj.gov

TO:    GLENYS CASADO
       Plaintiff pro se
       704 East 183rd Street, Apt. 2
       Bronx, New York 10458
       (718) 562-6339

       BRONX LEBANON HOSPITAL
       1650 Grand Concourse
       Bronx, New York 10457
       Attn:  Ann Jessen
       Director, Risk Management Department

3

PRADIP JOSHI, DPM
1963-A Daly Avenue
Bronx, New York 10460

# Exhibit A

:. BRONX COUNTY CLERKS OFFICE :: Image Printer ::

SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF BRONX

--------------------------------------------------------X

GLENYS CASADO,

Plaintiff,

-against-

PRADIP JOSHI, DPM, and BRONX **FILED**
LEBANON HOSPITAL,

Defendants.  **APR 2 7 2007**

--------------------------------------------------------X

**BRONX COUNTY CLERK'S OFFICE**

**SUMMONS WITH NOTICE**

INDEX # 14529-07

PLAINTIFF(S) DESIGNATES
BRONX
COUNTY
AS THE PLACE OF TRIAL

THE BASIS OF VENUE
IS: Plaintiff's Residence

PLAINTIFF(S) RESIDE
AT: 4225 Herkimer Place
Bronx, New York 10470

COUNTY OF
BRONX

**TO THE ABOVENAMED DEFENDANT(S):**   **DATE FILED:** _____

    **YOU ARE HEREBY SUMMONED** to Answer the Complaint in this action and to serve a copy of your Answer, or, if the Complaint is not served with this Summons, to serve a Notice of Appearance, on the Plaintiff's Attorney(s) within 20 days after the service of this Summons, exclusive of the day of service (or within 30 days after the service is complete if this Summons is not personally delivered to you within the State of New York); and in case of your failure to appear or Answer, judgment will be taken against you by default for the relief demanded herein.

DATED:    Valhalla, New York
           April 2007

*GLENYS CASADO*

**GLENYS CASADO**
Plaintiff Pro Se
704 East 183rd Street, Apt. 2
Bronx, New York 10458
(718) 562-6339

DEFENDANTS' ADDRESS(ES):  SEE BELOW

**NOTICE:** THE NATURE OF THIS ACTION IS CLAIM FOR CONSCIOUS PAIN AND SUFFERING MEDICAL MALPRACTICE, LACK OF INFORMED CONSENT, LOSS OF SERVICES, SOCIETY, SUPPORT, COMPANIONSHIP AND CONSORTIUR AS A RESULT OF CARE AND TREATMENT PROVIDED BY THE DEFENDANT HEREIN TO THE PLAINTIFF GLENYS CASADO.

**THE RELIEF SOUGHT** is judgment awarding money damages in an amount exceeding the jurisdictional limits of all courts of record except the Supreme Court of the State of New York.

**UPON YOUR FAILURE TO APPEAR**, JUDGMENT WILL BE TAKEN AGAINST YOU BY DEFAULT FOR THE SUM  exceeding the jurisdictional limits of all courts of record except the Supreme Court of the State of New York. WITH INTEREST, TOGETHER WITH THE COSTS AND DISBURSEMENTS OF THIS ACTION.

**DEFENDANT('S) ADDRESS(ES)**  (See Below)

PRADIP JOSHI, DPM
1963-A Daly Avenue
Bronx, New York  10460

BRONX LEBANON HOSPITAL
1650 Grand Concourse
Bronx, New York  10457

*PLEASE RESPOND TO*

*Edgar P. Campbell *Counselor at Law*2 Madison Avenue*Valhalla, New York 10595* (914) 948-7700*

SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF BRONX
-----------------------------------------------x
GLENYS CASADO,

                         Plaintiffs

       -against-                    VERIFIED COMPLAINT

PRADIP JOSHI, DPM, and BRONX
LEBANON HOSPITAL,

                        Defendants.
-----------------------------------------------x

**FILED**

**APR 2 7 2007**

**BRONX COUNTY CLERK'S OFFICE**

    Plaintiffs GLENYS CASADO, pro se, complaining of the defendants herein respectfully allege upon information and belief as follows:

1.    Upon information and belief the plaintiff GLENYS CASADO was and still is a resident of the County of Bronx, State of New York.

2.    Upon information and belief and at all times hereinafter mentioned the defendant PRADIP JOSHI, DPM was and still is a resident of the County of Bronx, State of New York.

3.    Upon information and belief and at all times hereinafter mentioned the defendant PRADIP JOSHI, DPM was and still is a podiatrist duly licensed to practice podiatry in the State of New York.

4.    Upon information and belief and at all times hereinafter mentioned the defendant PRADIP JOSHI, DPM maintains an office for the practice of podiatry in and about the County of Bronx, State of New York at 1963-A Daly Avenue.

5.    Upon information and belief and at all times hereinafter mentioned the defendant PRADIP JOSHI, DPM held himself out as competent to render

1

podiatric services, care and treatment to the sick and ailing and to those who presented with problems and/or conditions.

6.      That at all times hereinafter mentioned the defendant PRADIP JOSHI, DPM was a podiatrist duly licensed to practice podiatry in the State of New York and held himself out as a specialist in the field of podiatry.

7.      Upon information and belief and at all times hereinafter mentioned the defendant PRADIP JOSHI, DPM furnished care and treatment to the plaintiff GLENYS CASADO from 2004 through 2005.

8.  Upon information and belief and at all times hereinafter mentioned the defendant BRONX LEBANNON HOSPITAL was and still is a domestic corporation organized and existing by and under the laws of the State of New York and maintains a hospital and/or medical facility in the County of Bronx, State of New York.

9.      Upon information and belief and at all times hereinafter mentioned the defendant BRONX LEBANNON HOSPITAL was the owner of a hospital known as BRONX LEBANNON HOSPITAL located at 1650 Grand Concourse, Bronx, New York.

10.     Upon information and belief and at all times hereinafter mentioned the defendant BRONX LEBANNON HOSPITAL operated the said defendant hospital including but not limited to the emergency rooms, examining rooms, operating rooms, recovery rooms and/or other facilities within the said defendant hospital.

2

11.   Upon information and belief and at all times hereinafter mentioned the defendant BRONX LEBANNON HOSPITAL maintained the said defendant hospital including but not limited to the emergency rooms, examining rooms, operating rooms, recovery rooms and/or other facilities within the said defendant hospital.

12.   Upon information and belief and at all times hereinafter mentioned the defendant BRONX LEBANNON HOSPITAL in or about 2004 and 2005 was a duly accredited hospital.

13.   That at all times hereinafter mentioned the defendant BRONX LEBANNON HOSPITAL is a facility providing medical and/or surgical services for those who presented at said facility.

14.   Upon information and belief and at all times hereinafter mentioned the defendant BRONX LEBANNON HOSPITAL was and still is a not-for-profit organization duly formed and operating under the laws of the State of New York.

15.   Upon information and belief and at all times hereinafter mentioned the defendant BRONX LEBANNON HOSPITAL employed residents, nurses, interns, x-ray technicians, laboratory technicians and/or other persons or health care providers who provided care and treatment and/or services and/or consultations to persons presenting at said defendant hospital on or about 2004 and 2005.

16. That at all times hereinafter mentioned, the defendant BRONX LEBANNON HOSPITAL provided care and treatment to the plaintiff, during the period of time of 2004 and 2005.

3

17. That at all times hereinafter mentioned and during the aforementioned period of time the defendant PRADIP JOSHI, DPM for good and valuable consideration agreed to care and treat the plaintiff in accordance with approved methods of care and treatment and to use his care, skill and best judgment in the care and treatment of the plaintiff GLENYS CASADO during the period of time she was under his care.

18. That at all times hereinafter mentioned and during the aforementioned period of time the defendant BRONX LEBANNON HOSPITAL for good and valuable consideration agreed to care and treat the plaintiff in accordance with approved methods of care and treatment and to use its care, skill and best judgment in the care and treatment of the plaintiff GLENYS CASADO during the period of time she was under its care.

19.     Upon information and belief and at all times hereinafter mentioned the defendant PRADIP JOSHI, DPM owed the plaintiff GLENYS CASADO that duty of possessing and exercising that degree of podiatric learning, knowledge and skill which is generally recognized in the community.

20. Upon information and belief and at all times hereinafter mentioned the defendant BRONX LEBANNON HOSPITAL owed the plaintiff GLENYS CASADO that duty of possessing and exercising that degree of podiatric learning, knowledge and skill which is generally recognized in the community.

21.     Upon information and belief and at all times hereinafter mentioned the defendant PRADIP JOSHI, DPM agreed to care for and treat the plaintiff

4

BRONX COUNTY CLERKS OFFICE - Image Printer

GLENYS CASADO and carelessly and negligently cared for and treated the plaintiff GLENYS CASADO without using the proper degree of podiatric customs and/or standards and/or practice as a result of which in whole and/or in part the plaintiff GLENYS CASADO sustained progressive, protracted and permanent injuries.

22. Upon information and belief and at all times hereinafter mentioned the defendant BRONX LEBANON HOSPITAL agreed to care for and treat the plaintiff GLENYS CASADO and carelessly and negligently cared for and treated the plaintiff GLENYS CASADO without using the proper degree of podiatric customs and/or standards and/or practice as a result of which in whole and/or in part the plaintiff GLENYS CASADO sustained progressive, protracted and permanent injuries.

23. The defendants herein were careless and negligent in failing to promptly and timely treat the plaintiff GLENYS CASADO for problems and/or symptoms and/or conditions relating but not limited to the left foot.

24. That the defendants herein carried out care and treatment on the plaintiff's left foot including but not limited to surgical procedures and/or other podiatric care and treatment

25. That upon information and belief the defendants PRADIP JOSHI, DPM and/or BRONX LEBANON HOSPITAL their agents, servants and/or employees and/or those under their supervision and/or control were careless and negligent, committed acts and/or omissions and/or acts of medical and/or surgical

5

Case 1:08-cv-07095-JGK Document 5-2 Filed 08/15/2008 Page 35 of 44 Page 1 of 1

malpractice in the care and treatment of the plaintiff GLENYS CASADO in, among other things, failing to treat the plaintiff in accordance with surgical practice, failing to heed signs, symptoms and complaints; carelessly and negligently and improperly performing tests and/or examinations; in failing to use their best judgment; failing to follow good, known and accepted customs and practices in the medical and/or surgical and/or podiatric care of the plaintiff; carelessly and negligently failing to call in consultants; carelessly and negligently failing to take adequate measures and precautions; carelessly and negligently performing surgery on the plaintiff's left foot; carelessly and negligently failing to render good, usual customary medical and/or surgical and/or podiatric practices; carelessly and negligently failing to follow the plaintiff; carelessly and negligently failing to render good, usual and customary podiatric and/or medical and/or surgical follow up care; and the defendants herein committed other acts and/or omissions of medical and/or surgical and/or podiatric malpractice herein.

26. That as a result of the foregoing, the plaintiff, GLENYS CASADO, was rendered, sick, sore, lame and disabled, suffered severe pain and emotional anguish, and had to undergo unnecessary hospital and/or medical care and attention. As a result of the defendant's negligence, the plaintiff has incurred expenses therefrom.

29. That as a result of the foregoing, the plaintiff, LILIANA SOLANO, was and remains impaired and unable to enjoy life and has suffered diminution of life's daily activities and/or was impaired from pursuing her usual vocation together

6

with other losses and damages that were sustained as a result of the defendants' negligence and/or medical malpractice herein.

30.   That upon information and belief, the defendants herein carelessly and negligently Caused conscious pain and suffering to the plaintiff as well as loss of enjoyment of life as well as an impairment of life's daily activities as a result of the aforesaid.

31.   That as a result of the disabilities sustained and conscious pain and suffering by the plaintiff, GLENYS CASADO the damages sought to be recovered herein exceeds the monetary jurisdiction of all courts of record except the Supreme Court of New York.

## AS AND FOR A SECOND CAUSE OF ACTION

32. Plaintiffs repeat, replead and reiterate each and every allegation as contained in paragraphs designated "1" through "31" of the foregoing Complaint with the same force and effect as if more fully set forth at length herein.

33.   That the defendants herein failed to disclose to the plaintiff and/or her next of kin the risks, hazards, alternatives, choices and/or reasonably foreseeable risks, hazards, alternatives, choices and/or benefits involved in the care and treatment rendered herein that a reasonable medical and surgical practitioner under similar circumstances would have disclosed in a manner permitting the plaintiff and/or her next of kin to make a knowledgeable evaluation of same.

7

34. That it was reasonably possible for the defendants herein to disclose to the plaintiff and/or her next of kin as to the risks, hazards, alternatives and/or complications of said treatment and/or procedures.

35. That had the plaintiff and/or her next of kin been so informed of the risks, hazards, alternatives and/or choices involved in the aforesaid treatment and/or lack of same they would not have undergone said treatment and/or diagnosis and/or procedures.

36. That the plaintiff herein did not assure the defendants herein that they did not want to be so informed of the risks, hazards, alternatives and/or choices involved in the care and treatment rendered to the plaintiff.

37. That the risks, hazards, alternatives, communications which the defendants herein failed to disclose and/or inform the plaintiff and/or her next of kin were not too commonly known to the plaintiff and/or her next of kin not to warrant such disclosure.

38. That the plaintiff herein did not assure the defendants herein that he would undergo the treatment and/or lack of same and/or procedure complained of regardless of the risks, hazards, alternatives and/or complications involved.

39. That the manner and extent of such disclosure in light of the attendant facts and circumstances would not have been expected to adversely and/or substantially affect the plaintiff's condition.

40. That the defendants herein, light of all the attendant facts and circumstances failed to use reasonable discretion as to the manner and extent to which such

8

BRONX COUNTY CLERKS OFFICE Image Print

alternatives, risks, hazards, choices and/or complications were disclosed to the plaintiff.

41.   That the failure to fully inform the plaintiff and/or her next of kin was the proximate cause in whole and/or in part of the injury and/or other conditions sustained herein for which recovery is sought.

42.   That the defendants, their agents, servants and/or employees and/or those under their   supervision and/or control were required to inform the plaintiff and/or her next of kin as to the risks involved with the condition, testing and care and treatment or lack of same.

43.   That the amount of damages sought herein exceeds the jurisdictional limits of all courts of record which would otherwise have jurisdiction except the Supreme Court of the State of New York.

WHEREFORE, plaintiff GLENYS CASADO demands judgment on the First and Second Causes of Action in an amount of damages as to each cause of action all of which exceed the jurisdictional limits of all courts of record except the Supreme Court of the State of New York together with interest, costs and disbursements of said action and for such other, further and different relief as to this Court may seem just and proper.

Dated: Bronx, New York
       April 2007

9

Yours, etc.

*Glenys Casado*

Glenys Casado
Plaintiff Pro Se
704 East 183rd Street, Apt. 2
Bronx, New York 10458
(718) 562-6339

10

SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF BRONX
----------------------------------------------x
GLENYS CASADO,

                       Plaintiff

      -against-

                             CERTIFICATE
                             OF MERIT
                             PURSUANT TO CPLR
                             3012-f

PRADIP JOSHI, DPM, and BRONX
LEBANON HOSPITAL,

                      Defendants.
----------------------------------------------x

      Pursuant to CPLR 3012-f, plaintiff is not required to file a Certificate of

Merit as plaintiff is not represented by an attorney.

Dated:      Bronx, New York
            April 2007

                      Yours, etc.

                      *Glenys Casado*
                      Glenys Casado
                      Plaintiff Pro Se
                      704 East 183rd Street, Apt. 2
                      Bronx, New York  10458
                      (718) 562-6339

Index No.:                     Year 2007

SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF BRONX

GLENYS CASADO,

                         Plaintiffs

        -against-

PRADIP JOSHI, DPM, and BRONX LEBANON HOSPITAL,

                SUMMONS AND COMPLAINT

                Glenys Casado
                Plaintiff Pro Se
        704 East 183rd Street, Apt. 2
        Bronx, New York 10458
             (718) 562-6339

To:
Attorney(s) for

Service of a copy of the within                     is hereby admitted.

Dated:
                                    Attorney(s) for

**_PLEASE TAKE NOTICE_**

☐          that the within is a (certified) true copy of a
Notice     entered in the office of the clerk of the within named Court on
of Entry

☐          that an Order of which the within is a true copy will be presented for
Notice     settlement to the Hon. _____ one of the judges of the within named Court,
Settlement on                  19      , at          M.

# Exhibit B

MICHAEL J. GARCIA
United States Attorney for the
Southern District of New York
By: SUSAN D. BAIRD
Assistant United States Attorney
86 Chambers Street
New York, New York  10007
Tel. No.: (212) 637-2713
Fax No.: (212) 637-2750

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

GLENYS CASADO,

　　　　　Plaintiff,

　　　　　v.

PRADIP JOSHI, DPM, and BRONX
LEBANON HOSPITAL,

　　　　　Defendants.

**CERTIFICATION**

08 Civ. _7095_ ( JGK )

　　　　I, MICHAEL J. GARCIA, the United States Attorney for the Southern District of New

York, pursuant to the provisions of 42 U.S.C. § 233 and 28 U.S.C. § 2679(d), and by virtue of

the authority vested in me by the Attorney General under 28 C.F.R. § 15.4, hereby certify, on the

basis of the complaint filed in the above-captioned action and the information now available with

respect to the claims alleged, that defendant Bronx Lebanon Hospital ("Hospital") is an employee

of the United States and was acting within the scope of employment for purposes of claims

against the Hospital in connection with podiatric care given to the plaintiff by the Hospital's

Ambulatory Care Network, located at 1650 Grand Concourse, Bronx, New York.

Accordingly, pursuant to 42 U.S.C. § 233(g), the Hospital is deemed to be an employee of the United States under the Federal Tort Claims Act for the podiatric care provided to plaintiff by the Ambulatory Care Network.

Dated: New York, New York
July 25 , 2008

MICHAEL J. GARCIA
United States Attorney for the
Southern District of New York

2